UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00186-RJC

| | |
|---|---|
| TABITHA HAMPTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10), and Defendant's Motion for Summary Judgment, (Doc. No. 12). The motions are ripe for adjudication.

I.  BACKGROUND

A.  Procedural Background

Tabitha Hampton ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on July 16, 2015. (Doc. Nos. 8 to 8-1: Administrative Record ("Tr.") at 154–62.) Her application was denied first on September 17, 2015, (Tr. 94–97), and upon reconsideration on December 14, 2015, (Tr. 101–05). Plaintiff timely filed a request for a hearing on January 15, 2016, (Tr. 106), and an administrative hearing was held by an administrative law judge ("ALJ") on October 5, 2017, (Tr. 107). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA.

(Tr. 18–35.) Plaintiff requested a review of the ALJ's decision, but on July 21, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 9–14.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B.  Factual Background

The question before the ALJ was whether Plaintiff was disabled under section 1614(a)(3)(A) of the SSA. (Tr. 21.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff originally alleged that her disability began on February 1, 2008 due to mental impairments, (Tr. 154–62), but during the hearing, she amended her alleged onset date to November 13, 2014, (Tr. 21, 39).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 21–30.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the

---

[1] Under the SSA, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 29.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe mental impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 23–25.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the ability to understand, remember, and carry out simple instructions; concentrate and persist on simple tasks for two-hour periods throughout an eight-hour workday; adapt to infrequent changes in the work setting; and limited to work

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: bipolar disorder, post-traumatic stress disorder, anxiety disorder, and personality disorder. (Tr. 23.)

that requires occasional interaction with the public.

(Tr. 25.) The ALJ then concluded that Plaintiff had no past relevant work. (Tr. 28.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 29.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "cleaner,"[3] "dryer attendant,"[4] and "garment bagger."[5] (Tr. 29, 50.) The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's application for Title XVI benefits was denied. (Tr. 29–30.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan,

---

[3] DOT 919.687-014.
[4] DOT 581.686-018.
[5] DOT 920.687-018.

4

907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that remand is warranted for two reasons: (1) in his RFC

5

assessment and the hypothetical question posed to the VE, the ALJ failed to account for Plaintiff's limitation in concentration, persistence, or pace, and (2) the ALJ failed to consider findings by certain medical providers. The Court disagrees with Plaintiff's allegations of error and addresses each in turn.

### A. The ALJ accounted for Plaintiff's limitation in concentration, persistence, or pace.

Plaintiff argues that the ALJ failed to account for Plaintiff's limitation in concentration, persistence, or pace in his RFC assessment and his hypothetical question to the VE. Plaintiff argues that under Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), such a failure requires remand.

"[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Mascio, 780 F.3d at 638. Thus, when an ALJ finds a moderate limitation in concentration, persistence, or pace, the ALJ "must either adopt a limitation that addresses a claimant's ability to stay on task or explain why such a limitation is unnecessary." Curry v. Berryhill, No. 1:17-cv-00317-RJC, 2019 U.S. Dist. LEXIS 49323, at *7 (W.D.N.C. Mar. 25, 2019).

Here, the ALJ found at step three that Plaintiff has a moderate limitation in concentration, persistence, or pace. (Tr. 24.) In his RFC assessment, the ALJ determined that Plaintiff can "concentrate and persist on simple tasks for two-hour periods throughout an eight-hour workday." (Tr. 25.)

This Court has previously held that "a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace ('CPP'). Not

6

only have other courts reached this conclusion, but this two-hour limitation closely resembles the effects of limiting a claimant to a non-production pace, which also adequately addresses moderate difficulties in CPP." Fender v. Berryhill, No. 1:17-cv-00041-RJC, 2018 U.S. Dist. LEXIS 53191, at *18 (W.D.N.C. Mar. 29, 2018) (footnote omitted); see also Morris v. Berryhill, No. 3:18-cv-00152-RJC, 2019 U.S. Dist. LEXIS 131052, at *13 (W.D.N.C. Aug. 6, 2019) ("The Court finds that a two-hour limitation addressed Plaintiff's moderate limitations in CPP. This is consistent with other courts' conclusions.").

Further, substantial evidence supports the ALJ's conclusion that Plaintiff can concentrate and persist on simple tasks for two-hour periods. The ALJ explained that "[d]espite her mental disorders and complaints, the claimant is able to care for her own personal needs, and she is independent in other activities of daily living." (Tr. 27.) Plaintiff "cleans, watches television, draws, colors, and writes" and "has performed work as a laborer and fast food worker, and she has never been terminated from a job." (Tr. 27.) The ALJ noted that mental status exams routinely show the claimant is alert and oriented with "attention and concentration intact." (Tr. 26.) In addition, "[n]o treating source has assessed limitations in the claimant's mental functioning." (Tr. 27.) The ALJ recognized that Dr. Karen Marcus, the examining clinical psychologist, "assessed no more than mild to moderate problem with attention/concentration" and Dr. Douglas Hanze and Dr. Bonny Gregory, state agency psychological consultants, assessed "moderate limitations in concentration, persistence or pace with the ability to understand, remember and perform simple

7

tasks." (Tr. 27.) The ALJ thus concluded that "[t]he totality of the evidence is consistent with moderate limitations in mental functioning but which would not preclude work involving the ability to understand, remember, and carry out simple instructions" and "concentrate and persist on simple tasks for two-hour periods throughout an eight-hour workday." (Tr. 28.)

In sum, the Court concludes that the ALJ's RFC assessment accounted for Plaintiff's moderate limitation in concentration, persistence, or pace and is supported by substantial evidence. As the ALJ's hypothetical question to the VE matched his finding regarding Plaintiff's RFC, (Tr. 49–50), the ALJ's hypothetical question likewise accounted for Plaintiff's moderate limitation in concentration, persistence, or pace. Accordingly, remand is not appropriate based on Plaintiff's first allegation of error.

### B. The ALJ did not err in considering the findings by the various medical providers.

Plaintiff's argument as to her second allegation of error is limited to a single sentence. Plaintiff contends that the ALJ did "not consider at all the findings of Dr. Barry E. Rand, Clinical Psychologist, who evaluated the Plaintiff on March 13, 1983 [sic] or the significant clinical findings of the clinicians who diagnosed and treated the Plaintiff at RHA and Family Preservations Services." (Doc. No. 11, at 21–22 (citation omitted).) Plaintiff does not provide any explanation or argument as to why the ALJ was required to expressly address those findings. Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"). In addition,

Plaintiff does not provide any explanation or argument as to how those findings might have changed the outcome. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Duckworth v. Berryhill, No. 5:15-cv-00129-RLV, 2017 U.S. Dist. LEXIS 63213, at *15–16 (W.D.N.C. Apr. 26, 2017) (quotation marks omitted). As Plaintiff has failed to offer any argument as to why the ALJ was required to expressly refer to certain findings or how those findings might have changed the outcome, the Court finds no reversible error on this ground.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;

3. Plaintiff's Motion for Extension of Time of Scheduling Order Deadlines, (Doc. No. 9), is **DENIED as moot**; and

4. The Clerk of Court is directed to close this case.

Signed: July 6, 2020

Robert J. Conrad, Jr.
United States District Judge